**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| SHARON-SHAWN A. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-CV-13738-AK |
| | ) | |
| HERB CHAMBERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

**KELLEY, D.J.**

In this action, Sharon-Shawn Bell, who is representing herself, claims that Herb Chambers Lincoln of Norwood Dealership and its employees (collectively, the "Dealership") violated state and federal law with regard to her purchase of a used automobile and her subsequent attempts to return the car. On January 15, 2026, the Court entered an order in which it concluded that it lacked subject matter jurisdiction over this action because (1) Bell had failed to state a claim under federal law upon which relief could be granted; and (2) there did not appear to be diversity of citizenship between the parties. The Court ordered Bell to file an amended complaint if she wished to proceed with this action. [Dkt. 9]. Bell has filed an Amended Complaint. [Dkt. 13]. Upon review of the pleading, the Court **DISMISSES** this action.

## I.    CLAIMS IN THE AMENDED COMPLAINT

In the Amended Complaint, Bell invokes the Court's federal question subject matter jurisdiction. [Id. at 2].  She identifies Title III of the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 ("§ 1983") as the federal laws at issue. Id.[1]

Bell alleges that, in October 2025, the Dealership sold her a used vehicle that turned out to be a "Lemon."  According to Bell, the Dealership employee was "willing to deliver the 'LEMON" vehicle" to her at her home address using the dealership's "customer courtesy pickup" in order to pick up payment for the vehicle. [Id. at 9].  However, when Bell sought to return the car after discovering it was a "Lemon," the dealership did not "offer[] the customer courtesy pick-up for the buy back." [Id. at 8].  Bell alleges that the Dealership refused to meet her at a downtown Boston office of the Registry of Motor Vehicles to start the buy back process, despite her request to do so. [Id. at 7].  Through an email from its manager, the Dealership told Bell:

> We cannot repurchase your vehicle until you bring the title into the dealership.
>
> We will not transact your refund at any other place other than the Lincoln Dealership in Norwood, once you receive your title.  My suggestion is if you don't have the title yet, you should call the RMV and check on it, as it was printed on November 5th.

[Id. at 8].

Bell claims that the Dealership violated the ADA by requiring her to return the car to Dealership in Norwood, "which is NOT on the MBTA 'T' line." [Id.]  Bell represents a round trip from her home to the Dealership by Uber or Lyft would cost her approximately $200. [Id.].

---

[1] Bell also identifies M.G.L. ch. 90, § 7N1/2 as a federal law. [Dkt. 13 at 2].  However, that is a state statute.

## II.    REVIEW OF THE COMPLAINT

Because Bell is proceeding *in forma pauperis*, her Complaint is subject to review by the Court before requiring Defendants to respond.  The Court may dismiss the action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).  In addition, the Court has an obligation to inquire *sua sponte* into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004)

Under federal law, a complaint must include a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In evaluating whether a complaint states a claim upon which relief may be granted, the Court considers only "well-pleaded" factual allegations.  In other words, factual allegations that consist merely of "labels and conclusions" are not credited. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557).  Further, the well-pleaded facts, accepted as true, must "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570) (internal quotation marks omitted).

Upon careful review of the amended complaint, the Court concludes that Bell has failed to state a claim arising under federal law upon which relief may be granted.  The Dealership is subject to Title III of the ADA, which prohibits discrimination on the basis of disability by private entities that provide "public accommodations." See 42 U.S.C. § 12182 (a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of

public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.").

For purposes of the ADA, a "disability" is defined as a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).  In the context of Title III of the ADA, "discrimination" includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford . . . goods [and] services [being offered]" and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded [or] denied services . . . unless the entity can demonstrate that taking such steps would . . . result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(i),(ii).

Bell has failed to state a violation of Title III of the ADA because she does not identify her disability.  In addition, she does not allege how, without a reasonable accommodation for that disability, she would be denied the services of the Dealership.  Bell does claim that it would be a burden on her to travel to the Dealership because it is not accessible by public transportation and a driving service would be expensive.  But she does not allege that she is unable to travel to the Dealership "on the basis of [her] disability."  Further, Bell does not identify any relief that would be available under Title III of the ADA.  Monetary damages are not available under Title III of the ADA, see G. v. Fay Sch., 931 F.3d 1, 9 (1st Cir. 2019), and Bell does not ask that the Dealership be required to provide her transportation to the Dealership or be willing to conduct the "buy back" transaction at a location convenient for Bell.

Finally, Bell cannot state a claim under § 1983 under the alleged facts.  Section 1983 allows a plaintiff to bring a claim against a person acting "under color" of state law who violated the plaintiff's federal rights. 42 U.S.C. § 1983.  A person acts "under color" of state law when

their conduct can be "fairly attributable to the State." <u>Cruz-Arce v. Mgmt. Admin. Servs. Corp.</u>, 19 F.4th 538, 543 (1st Cir. 2021) (quoting <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982)).  "In the mine-run of cases," the "state action" required for a § 1983 claim "will derive from the conduct of government actors, that is, government" <u>Id.</u>  Here, none of the defendants— a car dealership and its employees—were acting under color of state law.

## III.   CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** this action. The dismissal is without prejudice as to any state law claims, which Bell may litigate in the appropriate state court should she choose to do so.

**SO ORDERED.**

Dated: April 16, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge

.

5